## OPENING OF TAYLOR AVENUE.

### APPEAL BY BOROUGH OF BELLEVUE FROM THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued November 4, 1891—Decided January 4, 1892.

(*a*) The record of a proceeding to assess damages and benefits for the opening of a borough street, did not show personal notice to the property owners, of the passage of the ordinance laying out the street, or of the view, or that said ordinance had been published as required by paragraph IV., § 3, act of April 3, 1851, P. L. 323.

(*b*) After having "allowed" a motion to set aside the proceeding, on the ground that the report of the viewers had not been filed at the term of court at which they were directed to report, the court, a month later, received the report and confirmed it nisi. Exceptions were filed to the report, on the ground that it was not made in time:

1. Other exceptions questioning the legal existence of the street, and objecting to the proceeding on the ground of lack of personal notice to the excepting owners, of the enactment of the ordinance and of the holding of the view, the Court of Quarter Sessions then set aside and quashed the report. On appeal therefrom, the order was affirmed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 250 October Term 1891, Sup. Ct.; court below, No. 19 June Term 1890, Q. S.

On June 7, 1890, a petition of the burgesses and town council of the borough of Bellevue, incorporated on September 7, 1867, under the act of April 3, 1851, P. L. 320, was presented to the court below, averring that on February 22, 1875, by ordinance duly enacted the burgesses and town council of said borough located, laid out and ordained a public street called Taylor Avenue, of the full width of fifty feet; that some parts of said street had never been opened by the property owners, and other parts had been opened but not to the full width; that by an ordinance duly enacted on April 1, 1890, said burgesses and town council ordained that Taylor Avenue be opened, between Grant Avenue and Fremont street, to the full width of fifty feet, in accordance with the borough district plan, a copy of this ordinance " cut from the publication thereof in the

Pittsburgh Press," being inserted in the petition; and that the petitioners had been unable to procure releases of damages from the property owners, etc.; praying for the appointment of viewers to assess damages and benefits. The petition did not aver that any notice of the enactment of the ordinance of February 22, 1875, was given, as required by paragraph VIII., § 3, act of April 3, 1851, P. L. 323; did not show when or for how long the ordinance of April 1, 1890, was published in the Pittsburgh Press, and did not aver that any publication of the latter ordinance was made by bills posted in said borough: See paragraph IV., § 3, of said act.

On the presentation of the petition, the court made an order appointing viewers, directing that ten days' notice of the time and place of their meeting be given by printed hand bills posted along that part of the street specified in the petition as to be opened, and in other public places in the vicinity thereof, and that they report in writing to the next session of the court.

On September 1, 1890, the report of the viewers was presented in open court. It was set forth therein that the viewers had given due and timely notice of their meeting by printed hand bills posted along the line of the street, and in other public places in the borough, " and wherever practicable, either delivered in person to, or left at the dwelling-houses of the property owners along the line of said street;" and that they awarded damages to certain property owners and assessed benefits against others. The same day, the court made an order approving the report and confirming it nisi, the confirmation to become absolute in thirty days, unless exceptions should be filed thereto or appeal taken therefrom in the meantime.

On September 26, 1890, N. W. Shafer, Mary Bole and James M Carson, Jr., landowners affected by the opening of the street, filed exceptions to the report, on the grounds, inter alia, that the notice by hand bills, prescribed by the order of June 7, 1890, was not a compliance with the requirements of law, and "none of exceptants had due and personal notice of any step in the proceedings to lay out Taylor Avenue, or open it;" and that there was no sufficient averment in the petition that such a street as Taylor Avenue was ever laid out as the law requires and provides. On September 29th, Hugh M. Bole and Mary Ann Bole filed exceptions, on the ground of want of notice

to the exceptants of the proposition to open Taylor Avenue, and of the meeting of viewers.

After argument, the court made the following order: "And now, to wit, November 26, 1890, exceptions dismissed and the case referred back to the same viewers to make report to next term."

On December 15, 1890, N. W. Shafer presented to the court a motion to dismiss and set aside all proceedings in the case, subsequent to the filing of the petition, for the reason that no report had been made by the viewers in pursuance of the order referring the matter back to them, and no order had been made prior to the commencement of December Term 1890, to which term the order of reference back directed them to report, extending the time for so doing; wherefore the proceedings must fall.*

By the court: Motion allowed.

On January 22, 1891, the supplemental report of the viewers was presented in open court, approved and confirmed nisi. It set out that due and timely notice of the meeting of viewers, in pursuance of the reference back, was given by printed hand bills posted, etc., " and either delivered in person to or left at the dwelling-houses of the property owners along the line of said street." This report made some changes in the assessments. On January 29th, exceptions to the supplemental report of the viewers were filed by N. W. Shafer and others, raising the same objections as to notice that were raised by the exceptions to the original report, and specifying also, inter alia, that the petition did not show affirmatively " that Taylor Avenue was ever laid out on the ground or otherwise as now opened;" that the order of September 1, 1890, confirming the original report nisi thirty days, was improvident, and the confirmation should have been nisi the next term; that the order of November 26, 1890, referring the report back to the viewers, was improvidently made, their duties having previously ceased; and that the viewers should have filed a complete report during

---

* It was stated in the appellees' paper-book that a rule of the court below required all reports of viewers to be filed during the first week of the term to which the order was returnable, and that the December term, 1890, commenced on the first day of that month. See McCandless Tp., 110 Pa. 612.

Opinion of Court below.

the first week of the December Term. Subsequent to the filing of these exceptions, but before their determination, some of the exceptants entered appeals to the Court of Common Pleas from the assessment of damages made by viewers.

After argument, the court, Stowe, P. J., on February 28, 1891, filed the following opinion and decree :

It nowhere appears in the record that personal notice was given to persons directly interested in the opening of said avenue, either of the ordinance of 1875, or that of 1890 upon which this proceeding is based; nor was personal notice given of the meeting of the viewers to assess the damages. This, I think, is a fatal defect, unless exceptant has estopped himself from setting it up, in some way. While it may be that personal notice of the view was not required under the act of April 22, 1856, P. L. 525, I think it clear without deciding that question, that it should appear from some source that personal notice was given to the resident owners of property, before the report of the viewers should be confirmed.

The only question, in the case, in regard to quashing the report, arises from the action of this court in heretofore dismissing the exceptions now filed. But, as the report was referred back to the viewers to report to this term, without qualification, I am led to understand that the matter still stands open for all exceptions which may be made to the entire proceedings. I am inclined to think that [notice, required by the act of 1851, should be given, both as to the ordinance and view;] [2] but, however that may be, I am of opinion that [personal notice of the ordinance, at least, must be given, and also of any proposition to fix, regulate, etc., the roads and streets of the borough, to all persons directly interested therein.] [1]

The report of viewers in this case is therefore set aside and quashed.

—Thereupon, the borough of Bellevue took this appeal, specifying that the court erred :

1, 2. In ruling as set forth in the parts of the opinion in [ ] [1 2]

3. "In sustaining the exceptions filed by N. W. Shafer,

Hugh M. Bole, Mary Ann Bole, and James M. Carson, Jr., to the report of the viewers in this case."\*

4. In setting aside and quashing the report of the viewers.

*Mr. J. W. Kirker*, for the appellant.

Counsel cited: White v. McKeesport Bor., 101 Pa. 394; Brady St., 99 Pa. 591.

*Mr. R. A. Balph* (with him *Mr. N. W. Shafer* and *Mr. James Balph*), for the appellees.

Counsel cited: McCandless Tp. Road, 110 Pa. 612; Gilmore v. Connellsville Bor., 15 W. N. 342; Olds v. Erie City, 79 Pa. 380; Fowler v. Jenkins, 28 Pa. 178; Commissioners v. Keith, 2 Pa. 218; Pittsburgh v. Walter, 69 Pa. 365.

PER CURIAM:

Order affirmed.